DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Gallia County Common Pleas Court summary judgment in favor of Carl Rose Cooper, defendants below and appellees herein, on the claims against them by Michael Ray Smith, plaintiff below and appellant herein. The following error is assigned for review:
"The trial court erred in determining that no material issues of fact or law existed as to the question of defendant-appellees liability for fraudulent misrepresentations in the sale of residential structure."
 {¶ 2} In 2002, appellant sought to relocate from the Dayton area to Gallia County. One day an old school acquaintance mentioned that some distant relatives had a home for sale. Appellant contacted the appellees and was shown the property on two different occasions in April and May of 2002. Though the parties did not enter into a formal written sales contract, appellant agreed to purchase the property for $125,000. The transaction closed on June 7, 2002, at which time appellant paid appellees $100,000 and executed a promissory note made due and payable within thirty days for the remaining $25,000 balance.
 {¶ 3} Appellant commenced the instant action and alleged that (1) the home had various material defects; (2) such defects were not open and obvious during routine inspection of the home; (3) appellees had a duty to disclose such defects; and (4) appellees affirmatively concealed and/or misled appellant as to the existence of those defects.[1]
Appellant requested, inter alia, a declaration that the sale was null and void and a refund of the purchase price. Appellees denied any liability and raised a number of affirmative defenses, including the doctrine ofcaveat emptor.[2]
 {¶ 4} On September 2, 2004, appellees filed a motion for summary judgment and argued that the doctrine of caveat emptor barred appellant from recovery in this case. Appellees' affidavits in support of the motion attested that appellant was provided the opportunity to inspect the home's interior and exterior, that they told appellant that they had not lived in the home for two years, that they made no other representations regarding the condition of the property and that they neither concealed any defects nor had knowledge of any of the claimed defects. Appellees also cited appellant's deposition testimony that he conceded that he did not inspect the property, that he had been given full access to the house to conduct any inspection and that appellees informed appellant that they had not lived in the house for two years.[3]
On the basis of this evidence appellees asserted that the doctrine ofcaveat emptor barred appellant's claims.
 {¶ 5} Appellant argued in his memorandum contra that caveat emptor had "outlived its usefulness" and that a more reasonable rule of law should be established. He requested the court to fashion a new rule that a seller "has a good faith duty to disclose known or discoverable flaws in [a] home to any prospective buyer." Even under caveat emptor, however, appellant asserted that genuine issues of material fact exist as to whether appellees could invoke that doctrine as a defense. In particular, appellant contended that appellees made affirmative misrepresentations as to the condition of the property. Appellant attached his own affidavit in support of that contention and attested that: (1) appellees told him the roof "was in good shape;" (2) appellees informed him that the heating/air-conditioning system "was in good repair and . . . worked fine;" (3) the house was connected to a public sewer; (4) appellees painted over water damage to hide a leaky toilet; and (5) appellees told him the home "had no structural problems and . . . was in good condition." Appellant concluded that these affirmative misrepresentations amounted to fraud and, thus, precluded appellees from invoking caveat emptor as a defense.
 {¶ 6} On October 18, 2004 the trial court granted appellees' motion for summary judgment. In so doing, the court engaged in a detailed analysis of both the evidentiary materials and the law of caveat emptor
and fraud. The court concluded that (1) the defects were open and obvious and could have been discovered with a reasonable inspection; (2) because those defects were discoverable, they were not "latent" and appellees had no duty to disclose them to appellant; (3) with regard to fraud, the evidentiary materials are uncontroverted that appellees had not lived at the property for two years prior to the appellees' purchase; and (4) no evidence in the record suggests that appellants were ever aware of the alleged defects. Thus, the court concluded, no basis exists for a claim of active misrepresentation or fraud. This appeal followed.
 {¶ 7} Before we address the merits of the assignment of error, we pause to address the appropriate standard of review in the case sub judice. This appeal comes to us by way of summary judgment and we note that appellate courts review summary judgments de novo. Broadnax v.Greene Credit Service (1997), 118 Ohio App.3d 881, 887, 694 N.E.2d 167;Coventry Twp. v. Ecker (1995), 101 Ohio App.3d 38, 41, 654 N.E.2d 1327;Maust v. Bank One Columbus, N.A. (1992), 83 Ohio App.3d 103, 107,614 N.E.2d 765. In other words, appellate courts afford no deference to a trial court's summary judgment decision, Hicks v. Leffler (1997),119 Ohio App.3d 424, 427, 695 N.E.2d 777; Dillon v. Med. Ctr. Hosp.
(1993), 98 Ohio App.3d 510, 514-515, 648 N.E.2d 1375; Morehead v.Conley (1991), 75 Ohio App.3d 409, 411-412, 599 N.E.2d 786, and conduct their own, independent review to determine if summary judgment is appropriate. Woods v. Dutta (1997), 119 Ohio App.3d 228, 233-234,695 N.E.2d 18; Phillips v. Rayburn (1996), 113 Ohio App.3d 374, 377,680 N.E.2d 1279; McGee v. Goodyear Atomic Corp. (1995),103 Ohio App.3d 236, 241, 659 N.E.2d 317.
 {¶ 8} Summary judgment under Civ.R. 56(C) is appropriate when the movants can demonstrate that (1) no genuine issues of material fact exist; (2) they are entitled to judgment as a matter of law; and (3) after the evidence is construed most strongly in the non-movant's favor reasonable minds can come to only one conclusion and that conclusion is adverse to the opposing party. Gilbert v. Summit County,104 Ohio St.3d 660, 821 N.E.2d 564, 2004-Ohio-7108, ¶ 6; Zivich v.Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367, 369-370,696 N.E.2d 201; Mootispaw v. Eckstein (1996), 76 Ohio St.3d 383, 385,667 N.E.2d 1197; Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 66, 375 N.E.2d 46. The party seeking summary judgment bears the initial burden to show that no genuine issue of material fact and that they are entitled to judgment in their favor as a matter of law. See Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, 674 N.E.2d 1164;Dresher v. Burt (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264;Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798. Once that burden is met, the onus shifts to the non-moving party to provide evidentiary material in rebuttal. Mark-It Place Foods, Inc. v. New PlanExcel Realty Trust, 156 Ohio App.3d 65, 804 N.E.2d 979, 2004-Ohio-411, ¶ 17; Trout v. Parker (1991), 72 Ohio App.3d 720, 723, 595 N.E.2d 1015;Campco Distributors, Inc. v. Fries (1987), 42 Ohio App.3d 200, 201,537 N.E.2d 661; Whiteleather v. Yosowitz (1983), 10 Ohio App.3d 272,275, 461 N.E.2d 1331. With these principles in mind, we turn our attention to appellant's arguments in the instant appeal.
 {¶ 9} Appellant first asserts that the doctrine of caveat emptor has outlived its usefulness and that this Court should adopt a "more reasonable rule of law." We note that although we understand appellant's argument, the Ohio Supreme Court has repeatedly held that caveat emptor
applies to real estate transactions in this state. See BelvedereCondominium v. R.E. Roark Companies (1993), 67 Ohio St.3d 274, 283,617 N.E.2d 1075; Layman v. Binns (1988), 35 Ohio St.3d 176, 519 N.E.2d 642, at the syllabus; Traverse v. Long (1956), 165 Ohio St. 249, 252,135 N.E.2d 256. Obviously, this Court is bound by Ohio Supreme Court decisions. State v. Cox, Adams App. No. 02CA751, 2003-Ohio-1935, at ¶ 12; State v. Wolfe (Jun. 17, 1996), Gallia App. No. 95CA04. Thus, we must continue to apply caveat emptor in real estate transactions until such time as the Ohio Supreme Court concludes otherwise. If, as appellant contends, the doctrine has outlived its usefulness, then he must seek further review by the Ohio Supreme Court.
 {¶ 10} Appellant's second argument is that the trial court erred in granting summary judgment, even under the doctrine of caveat emptor.
Specifically, appellant asserts that the evidence raises genuine issues of material fact as to whether he had an unimpeded opportunity to inspect the home, whether appellees concealed the defects and whether appellees engaged in fraud.
 {¶ 11} In Layman, supra at the syllabus, the Ohio Supreme Court held "[t]he doctrine of caveat emptor precludes recovery in an action by the purchaser for a structural defect in real estate where (1) the condition complained of is open to observation or discoverable upon reasonable inspection, (2) the purchaser had the unimpeded opportunity to examine the premises, and (3) there is no fraud on the part of the vendor." Also see Traverse, supra, 165 Ohio St. at 259.
 {¶ 12} Turning to appellant's claim that he was not afforded an opportunity to inspect the home, appellees attested in their affidavits that he "was not denied access to inspect the home in any manner." Appellant also testified in his deposition to the effect that he could have obtained an inspection of the premises, but did not avail himself of that opportunity. This evidence is sufficient for appellees to carry their initial summary judgment burden as to this point. Appellant did not, however, adduce any evidence of his own to establish that he was denied an opportunity to inspect the premises. Thus, we find no merit to this claim.
 {¶ 13} For the most part, we are also unswayed by appellant's claims that various defects in the property were concealed. Appellees both attested in their affidavits that they made no such concealment and this is sufficient to carry their initial burden under Civ.R. 56(C). By and large, appellant failed to offer any evidence to contradict those attestations. He asserts that the water, as well as the heating/air-conditioning, were turned off at the property and thus prevented him from discovering any problems. The uncontroverted evidence in the record, however, reveals that these systems were turned off because appellees had not lived in the property for two years and that appellant was well aware of that fact. These are not acts of concealment but, rather, preventative measures taken when a house sits vacant for a period of time. Moreover, prior to purchasing the home appellant could have easily engaged and inspected these systems.
 {¶ 14} We also find no merit in appellant's claim that the roof problems were concealed. Even if appellant could not personally inspect the roof, he could have retained an inspector or other knowledgeable persons to perform an inspection. Simply because a roof is not open to inspection from the ground, or because a potential buyer is physically unable to inspect a roof, this does not mean that sellers are concealing any problems associated with a roof.
 {¶ 15} We note, however, that one claimed instance of concealment involves the attestation that appellees "painted over" water damage caused by a leaky toilet so as "to hide its effects." This particular issue was not well developed in the evidentiary materials and we find no indication regarding the extent of alleged water damage or whether that damage is obvious on a reasonable inspection notwithstanding the paint. Nevertheless, in light of the admonition that we must construe the evidence mostly strongly in favor of the non-moving party, we believe that this attestation in appellant's affidavit does raise a genuine issue of material fact as to whether appellees attempted to conceal water damage from a leaky toilet.[4]
 {¶ 16} Appellant's final argument is that appellees are barred from relying on caveat emptor because they made various misrepresentations about the condition of the property and, thus, perpetrated fraud. At the outset, we note that although fraud will vitiate caveat emptor as an affirmative defense, the Ohio Supreme Court has held that a "purchaser has no just cause for complaint even though there are misstatements and misrepresentations by the vendor not so reprehensible in nature as to constitute fraud." Traverse, supra at 157. Thus, not every false statement or misrepresentation as to a property's condition rises to the level of fraud. Thus, the pivotal question is whether the statements that appellees are alleged to have made rise to the level of fraudulent misrepresentation.
 {¶ 17} Appellant's affidavit alleges that appellees told him (1) the roof "was in good shape;" (2) the heating and airconditioning system "was in good repair and . . . worked fine;" (3) the house was connected to a public sewer; and (4) the home "had no structural problems and . . . was in good condition." Of course, appellees deny that they made such representations. For purposes of summary judgment, however, we must accept that such representations were in fact made. That said, after our review of the other evidence in the record, we conclude that none of these statements rise to the level of a fraudulent misrepresentation.
 {¶ 18} To sustain a claim of fraud and defeat the defense of caveat emptor, a buyer must show (1) a representation, (2) material to the transaction, (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying upon it, (5) justifiable reliance on the misrepresentation, and (6) a resulting injury proximately caused by the reliance. SeeBuchanan v. Geneva Chervenic Realty (1996), 115 Ohio App.3d 250, 257,685 N.E.2d 265; Dito v. Wozniak, Lorain App. No. 04CA008499, 2005-Ohio-7, at ¶ 14; Garvey v. Clevidence, Summit App. No. 22143, 2004-Ohio-6536, at ¶ 12.
 {¶ 19} In the case at bar, we need not examine each factor because two will suffice to defeat appellant's claims. First, we, like the trial court, conclude that appellant has not established that appellees made a false representation with knowledge of its falsity. No evidence established that appellees knew about any of the problems appellant cites.[5] Moreover, the uncontroverted evidence reveals that appellees have not resided at the premises for two years. We also note that appellant's recollection, as depicted in his deposition, of the appellees' representation was that everything "worked two years before [they] moved out." Thus, appellees did not make a current representation as to mechanical fitness but, rather, told appellant that things worked fine two years earlier and no evidence was adduced to show that they did not.
 {¶ 20} Appellant also cannot demonstrate justifiable reliance on such representations. Again, the uncontroverted evidence shows that the house sat vacant for two years before appellant's purchase. Because the mechanical systems were disengaged, and because appellees had not resided in the property for two years, appellees would not have been as familiar with the mechanical workings as they would have been if they were resident owners. This fact should have prompted appellant to conduct a more detailed inspection of the property. For all these reasons, we agree with the trial court's conclusion that appellant has not established fraud.[6]
 {¶ 21} In closing, we note that with the possible exception of the alleged paint covered water damage, we agree with the trial court that the claimed defects in this case that could have been discovered by a reasonable inspection of the home. The Ohio Supreme Court noted in Layman, supra at 177, that "problems of varying degree are to be found in most dwellings" and, so, "[a] duty falls upon the purchaser to make inquiry and examination." Appellant admitted in his deposition that he chose not to exercise that duty. Appellant could have inspected the premises, but chose not to do so. Instead, he simply accepted appellees' word, albeit ill-informed, that everything was in working order. Under these facts, appellant cannot now complain that problems exist with the property after failing to exercise his own legal duties as a prospective homeowner.
 {¶ 22} Accordingly, we hereby affirm the trial court's judgment in part, reverse the judgment in part, and remand this matter for further proceedings consistent with this opinion. We sustain appellant's assignment of error only to the extent previously discussed herein (paint covered water damage). This matter is thus remanded on the question of whether appellees fraudulently concealed water damage by painting the walls in their home. In all other respects, however, we hereby affirm the trial court's judgment.
Judgment affirmed in part, reversed in part and case remanded for further proceedings consistent with this opinion.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed in part, reversed in part and the case remanded for further proceedings consistent with this opinion with appellant to recover of appellees costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Gallia County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Kline, J.: Concur in Judgment Opinion
[1] The alleged defects included (1) an inoperable furnace, (2) an inoperable air-conditioning condensor, (3) the absence of a septic tank, (4) leaky toilets and other fixtures, (5) a roof in need of repair and (6) defective drains throughout the home.
[2] Caveat emptor literally means "let the buyer beware" and is a maxim that purchasers must examine and judge property for themselves before purchasing it. See Black's Law Dictionary (1979 5th Ed.) 202.
[3] This deposition was taken in a previous lawsuit, but was permitted to be considered as evidence in this case pursuant to the parties' stipulation.
[4] We note that our colleagues in the Eleventh District have reached a similar conclusion that painting over a defect raises a genuine issue of material fact as to a vendor's fraudulent concealment of that defect. SeeKimball v. Duy, Lake App. No. 2002-L-046, 2002-Ohio-7279, at ¶¶ 25-29.
[5] This is not the case, of course, with regard to the alleged paint covered water damage. Because we have held that this raises a genuine issue of material fact as to fraudulent concealment, we need not address it in this context.
[6] As to appellant's claims regarding the sewage issue, we are not persuaded that this is a material defect, let alone that appellees fraudulently misrepresented it. First, appellant is not entirely clear on the alleged fraud. His complaint alleges that no septic tank is present on the property (thus giving rise to an inference that appellees told him there was one) but then, his affidavit attests that appellees told him the home was hooked up to the "public sewer." We are unclear as to what representations were allegedly made. That aside, however, appellant's complaint alleges that the sewage flows "directly into a leach bed." If diverting sewage into a "leach bed" violates state or local law, or is in any other way a material defect in the premises, then appellant should have submitted something to that effect with his evidentiary materials in opposition to summary judgment.