[Cite as *Cadle v. Kehl*, 2018-Ohio-5266.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | | |
|---|---|---|
| RAYMOND CADLE, et al. | | C.A. No.      17CA011205 |
| Appellees | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| DWAYNE P. KEHL | | OBERLIN MUNICIPAL COURT COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No.      17-CVI00477 |

DECISION AND JOURNAL ENTRY

Dated: December 28, 2018

CARR, Judge.

**{¶1}** Appellant, Dwayne Kehl, appeals the judgment of the Oberlin Municipal Court. This Court reverses and remands.

I.

**{¶2}** This appeal arises out of a small claims dispute relating to the sale of a house in Wellington, Ohio. The house at issue was purchased by Kehl in 2014. Kehl took numerous measures to renovate the home, including performing extensive work on the roof. Thereafter, Kehl sold the home to Raymond and Nannie Cadle. The Cadles purchased the house in "As Is" condition and declined to have a home inspection.

**{¶3}** A short time after purchasing the house, the Cadles sought to sell the house to a different buyer. When the new buyer had the house inspected, it was discovered that a portion of the roof was leaking. The new buyer backed out of the deal.

{¶4}   The Cadles filed a small claims complaint in the Oberlin Municipal Court.  In support of their claim, the Cadles alleged that Kehl had stated that the roof was "new" on the residential property disclosure form when, in fact, the roof was not installed properly.  After a hearing, the trial court concluded that the Cadles were entitled to judgment on the basis that Kehl misrepresented the condition of the roof on the disclosure form.    The trial court awarded judgment to the Cadles in the amount of $2,260, plus interest.

{¶5}   On appeal, Kehl raises five assignments of error.

II.

### ASSIGNMENT OF ERROR IV

THE TRIAL COURT'S HOLDING IS AGAINST THE MANIFEST WEIGHT
OF THE EVIDENCE.

{¶6}   In his fourth assignment of error, Kehl contends that the trial court's conclusion that he made a material misrepresentation on the residential property disclosure form was against the manifest weight of the evidence.  We agree.

### Background

{¶7}   With respect to the house, the Cadles made the following statement in their small claims complaint:

> When we bought the property, the property disclos[ure] filled out by [Kehl] said it had a new roof.

> We owned the house approximately 5 months, and then put it up for sale.  The new buyers had a home inspection done, and said the roof was in bad shape and backed out of the deal.

> Then we had the roof of the home inspected by [a roofing company].  They told us that the roof was not installed properly and leaking with very poor workmanship.

{¶8}   The matter proceeded to a small claims hearing where the parties called numerous witnesses and submitted multiple exhibits, including the real estate purchase agreement and a

page from residential property disclosure form.[1]  The Cadles initialed a portion of the purchase agreement that reads, "BUYER elects to waive each professional inspection to which BUYER has not indicated 'YES.'  Any failure by BUYER to perform any inspection indicated 'YES' herein is a waiver of such inspection and shall be deemed absolute acceptance of the Property by BUYER in its 'AS IS' condition."  While the Cadles indicated "YES" in the section indicating they would have a general home inspection within ten days, no such inspection took place.  The residential property disclosure form contained a section pertaining to the roof that asked, "Do you know of any previous or current leaks or other material problems with the roof or rain gutters?"  That question was followed by two boxes marked "Yes" and "No[.]"  The next line stated, "If 'Yes', please describe and indicate any repairs completed (but not longer than the past 5 years)[.]"  While Kehl did not check either box, he wrote "new" on the line that allowed the buyer to describe and indicate recent repairs.

{¶9}    At the hearing, Nannie Cadle testified that the leaking in the house was limited to a small area in the kitchen.  Cadle noticed stains on the kitchen ceiling when she bought the house but she thought the stains may have resulted from leaking that occurred prior to the installation of the new roof.  While Cadle did not actually read the contract language, she testified that she was well aware that she had an opportunity to have the roof inspected.  She declined to do so, however, in light of her understanding that it was new.

{¶10}  After the Cadles were unable to sell the house, they called Joe Yoder, a professional roofer, to remedy the issue with the roof.  Yoder discovered that while there was new plywood on a significant portion of the roof, the plywood had been placed on top of wood

---

[1] Notably, only the second page of the five-page disclosure form issued by the State of Ohio Department of Commerce in accordance with R.C. 5302.30 is included in the record.

that was rotted. Yoder testified that by failing to replace the rotten wood, and instead place loose pieces of new wood in the sagging areas, Kehl had caused waviness in the structure. Yoder further noted that the shingles on the roof appeared to be fairly new but they were not installed properly. Yoder also testified that Kehl had failed to use ice guard under the shingles. The leak in question impacted a "six to ten" foot area. Instead of working on the "little spot" where the roof was leaking, which would have taken approximately six hours, Yoder tore off the entire roof and undertook more comprehensive repairs.

{¶11} Kehl testified that he consulted multiple roofers before he and a friend started the roofing project. Kehl explained that he put down new plywood on a significant portion of the roof and reshingled the entire roof. While Yoder suggested that Kehl used thirty-pound felt under the shingles instead of the appropriate ice guard, Kehl testified that he used ice guard in certain spots and felt in others. Kehl specifically testified that he and his friend had "flooded" the roof during the testing process and there had been no leaks. On cross-examination, Kehl maintained his position that he thought any issues with leaking had been remedied by the new roof. When asked directly why he did not state on the disclosure form why there had been problems with the roof, Kehl simply stated that "[i]t's a new roof." At one point, the trial judge participated in the cross-examination, asking, "But you didn't put a new roof on, just part of it, correct?" Kehl responded that in addition placing new plywood in certain areas, he "reshingled the whole house and the garage. It's reshingled. That's considered a new roof." When pressed on the matter, Kehl reiterated that "everybody" he had spoken to about the project told him that his efforts constituted placing a new roof on the house.

{¶12} On September 5, 2017, the trial court issued a journal entry granting judgment in favor of the Cadles in the amount of $2,260 on the basis that Kehl had misrepresented the

condition of the roof on the residential property disclosure form. Though the court acknowledged that the Cadles never had the house inspected, it stressed that the Cadles should have been able to rely on Kehl's statement on the disclosure form. The trial court noted that while the disclosure form provided an area to indicate whether there were any known defects with the roof, Kehl declined to check "yes" or "no" and instead simply wrote, "new[.]" The trial court determined that, "[i]n reality, there was not a new roof, but there were new shingles put on part of the roof by [Kehl] and a friend. The roof leaked from the time of [the Cadles'] purchase[.]"

### Discussion

**{¶13}** When reviewing the manifest weigh of the evidence, this Court

> weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered.

(Alterations sic.) *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 20, quoting *Tewarson v. Simon*, 141 Ohio App.3d 103, 115 (9th Dist.2001).

**{¶14}** This Court has traditionally held that "[a]lthough the doctrine of caveat emptor governs real property sales transactions in Ohio, a seller does have a duty 'to disclose material facts which are latent, not readily observable or discoverable through purchaser's reasonable inspection.'" (Emphasis omitted.) *Black v. Cosentino*, 117 Ohio App.3d 40, 44 (9th Dist.1996), citing *Layman v. Binns*, 35 Ohio St.3d 176, 178 (1988). We have further held that "an 'as is' clause cannot be relied upon to bar a claim for fraudulent misrepresentation or fraudulent concealment." *Cosentino* at 44, citing *Tipton v. Nuzum*, 84 Ohio App.3d 33, 39 (9th Dist.1992). "R.C. 5302.30 removed the distinction between patent and latent defects." *Arbogast v. Werley*, 6th Dist. Lucas No. L-09-1131, 2010-Ohio-2249, ¶ 37. Under R.C. 5302.30(D)(1), a seller of

residential real estate must complete a statutorily required form disclosing "material matters relating to the physical condition of the property to be transferred, including * * * the condition of the structure of the property, including the roof * * * and any material defects in the property that are within the actual knowledge of the transferor." It follows that even under circumstances where there is an "as is" clause in a real estate contract, a seller may pursue a claim for fraudulent misrepresentation for failure to disclose a known material defect on the residential property disclosure form. *See Quintile v. Hartley*, 9th Dist. Medina No. 2993-M, 2000 WL 372319, *1-3 (Apr. 12, 2000); *Werley* at ¶ 38.

{¶15} Here, the trial court effectively concluded that Kehl fraudulently misrepresented the condition of the roof. In order to prove fraudulent misrepresentation, a buyer must establish each of the following elements:

(1) a representation or, where there is a duty to disclose, concealment of a fact,

(2) which is material to the transaction at hand,

(3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred,

(4) with the intent of misleading another into relying upon it,

(5) justifiable reliance upon the representation or concealment, and

(6) a resulting injury proximately caused by the reliance.

*Cosentino* at 44, citing *Burr v. Stark Cty. Bd. of Commrs.*, 23 Ohio St.3d 69 (1986), paragraph two of the syllabus.

{¶16} The weight of the evidence in this case does not support the trial court's conclusion that Kehl fraudulently misrepresented the condition of the roof. It is axiomatic that not every statement that is ultimately proven to be either false or misleading constitutes a fraudulent misrepresentation. *See generally Smith v. Cooper*, 4th Dist. Gallia No. 04CA12,

2005-Ohio-2979, ¶ 16 ("Thus, not every false statement or misrepresentation as to a property's condition rises to the level of fraud."). Here, Kehl wrote "new" on the "If 'Yes', please describe" section of the residential property disclosure form pertaining to the roof. While the Cadles presented evidence at the hearing that the roof was not installed properly, they did not present evidence that Kehl either knowingly or recklessly made a false statement with the intent of misleading the Cadles. The trial court's finding that Kehl's efforts were limited to putting new shingles on part of the roof is simply not supported by the record. Instead, the weight of the evidence presented at the hearing supports the conclusion Kehl undertook substantial measures to install a new roof on the house, but he unwittingly did so in a slipshod manner. Under these circumstances, the trial court's determination that the Cadles were entitled to recover under a theory of fraudulent misrepresentation is not supported by the weight of the evidence.

{¶17} Kehl's fourth assignment of error is sustained.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AS A MATTER OF LAW BECAUSE UNDER THE PLAIN TERMS OF THE CONTRACT THE CADLE[S] PURCHASED THE PROPERTY "AS IS" AND THE COURT FAILED TO PROPERLY FOLLOW THE RULES OF INTERPRETATION OF CONTRACT LAW.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN GRANTING JUDGMENT FOR THE CADLES BECAUSE THE CADLES WAIVED ANY UNKNOWN DEFECTS OF THE PROPERTY AND ARE NOW ESTOPPED FROM CLAIMING DAMAGES.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN GRANTING JUDGMENT AS THE CADLES DID NOT PROVE THEIR CASE ON ANY THEORY OF LAW.

### ASSIGNMENT OF ERROR V

THE CADLE[S] FAILED TO ESTABLISH THE FAIR AND REASONABLE VALUE OF THE SERVICES PERFORMED BY MR. YODER.

**{¶18}** In his first, second, third, and fifth assignments of error, Kehl raises numerous additional challenges to the trial court's judgment. As this Court's resolution of Kehl's fourth assignment of error is dispositive of this appeal, we decline to address the remaining assignments of error as they have been rendered moot. *See* App.R. 12(A)(1)(c).

III.

**{¶19}** Kehl's fourth assignment of error is sustained. The judgment of the Oberlin Municipal Court is reversed and the cause remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Oberlin Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

DONNA J. CARR
FOR THE COURT

TEODOSIO, J.
CONCURS.

HENSAL, P. J.
CONCURS IN JUDGMENT ONLY.


APPEARANCES:

LAWRENCE J. COURTNEY, Attorney at Law, for Appellant.

RAYMOND CADLE and NANNIE CADLE, pro se, Appellees.