[Cite as *Thackston v. Zembower*, 2023-Ohio-1690.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

CHARLES B. THACKSTON et al.,

Plaintiffs-Appellants,

v.

MICHAEL P. ZEMBOWER, JR.,

Defendant-Appellee.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 21 MA 0112**

---

Civil Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2020 CV 1493

**BEFORE:**
Carol Ann Robb, David A. D'Apolito, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed in part, Reversed in part, and Remanded.

---

*Atty. James E. Lanzo*, 4126 Youngstown Poland Rd., Youngstown, Ohio 44514 for Plaintiffs-Appellants and

*Atty. Christopher A. Maruca*, The Maruca Law Firm, LLC, 201 East Commerce St., Ste. 316, Youngstown, Ohio 44503 for Defendant-Appellee.

Dated: May 18, 2023

**Robb, J.**

{¶1} Appellants, Charles B. Thackston and Samantha Thackston, appeal the trial court's decision granting summary judgment in favor of Appellee, Michael P. Zembower, Jr. Appellants argue the trial court erred by failing to consider unobjected to but noncompliant summary judgment evidence and that genuine issues of material fact remain. The trial court's decision is affirmed in part, and reversed in part, and remanded.

## Statement of the Case

{¶2} In May of 2020, Appellants purchased a home from Appellee located in Poland Ohio. After moving in, Appellants allegedly experienced flooding in the basement, which was not disclosed on the residential property disclosure form.

{¶3} Appellants filed suit in September 2020. They claimed Appellee breached the residential purchase agreement and made misrepresentations in the residential property disclosure form. Appellants alleged the basement flooding led them to discover "serious deterioration in the foundation" which was also not disclosed. Appellants claimed the condition of the home was not in conformity with Appellee's statements and representations in the residential property disclosure form. They also alleged Appellee affirmatively concealed existing water damage and the condition of the foundation. They requested compensatory and punitive damages. (Complaint.)

{¶4} The purchase agreement is attached to Appellants' complaint. It indicates under section 11, "Residential Property Disclosure Form," the "Buyer has reviewed and signed copy, attached." The corresponding boxes are initialed by "ST" and "CT." Under section 14, titled "Inspections," the contract provides in part: "Buyer agrees to accept property in its 'AS IS' condition excepting that the Buyer shall have  0  calendar days after the date of written acceptance of the contract by both parties * * * to have an inspection * * *." Thereafter, the boxes are initialed by the buyers next to the words "Buyer declines inspection". (Complaint, Exhibit 1.)

{¶5} Exhibit 2, attached to Appellants' complaint, is a copy of the residential property disclosure form signed by Appellee on May 21, 2020 and Appellants on May 25, 2020. It contains no affirmative disclosures; each box is either marked "No" or "N/A" for not applicable. (Complaint, Exhibit 2.)

**{¶6}** The potentially applicable disclosures on Appellee's residential property disclosure form are section D and E, which provide: "D) WATER INTRUSION: Do you know of **any previous or current** water leakage, water accumulation, excess moisture or other defects to the property, including but not limited to any area below grade, basement or crawl space?" (Emphasis sic.) The corresponding box is checked "No." The form then states: "If 'Yes', please describe and indicate any repairs completed * * *." The adjacent lines are blank. (Complaint, Exhibit 2.)

**{¶7}** The next disclosure question under Section D) WATER INTRUSION states: "Do you know of any water or moisture related damage to floors, walls or ceilings as a result of flooding, moisture seepage, moisture condensation; ice damming; sewer overflow/backup; or leaking pipes, plumbing fixtures, or appliances?" The corresponding box is checked "No." Immediately thereafter, the form provides: "If yes, please describe and indicate any repairs completed * * *." The lines after this query are blank. (Complaint, Exhibit 2.)

**{¶8}** Section E states:

> E) STRUCTURAL COMPONENTS (FOUNDATION, BASEMENT/CRAWL SPACE, FLOORS, INTERIOR AND EXTERIOR WALLS): Do you know of **any previous or current** movement, shifting, deterioration, material cracks/settling (other than visible minor cracks or blemishes) or other material problems with the foundation, basement/crawl space, floors, or interior/exterior walls?

(Emphasis sic.) The corresponding box is marked "No." And the corresponding lines that advise the seller to "describe and indicate any repairs, alterations or modifications to control the cause or effect of any problem identified (but not longer than 5 years)" is blank. (Complaint, Exhibit 2.)

**{¶9}** The parties agreed to have the case decided by the magistrate pursuant to Civ.R. 53(A)(C)(2). (January 28, 2021 Entry.) After the exchange of discovery, Appellee moved for summary judgment in October of 2021. Appellee urged the court to find he was entitled to summary judgment because Appellants purchased the home as is. The only evidence offered in support was his affidavit, in which Appellee avers in part: "6. I never knowingly lied on the disclosure form or with any disclosures or statements made

at any time in the process of the sale. [And] 7. I never attempted to conceal any history of water damage on the premises." (October 4, 2021 Summary Judgment Motion, Zembower Affidavit.)

{¶10} Appellants opposed summary judgment and submitted the affidavit of Appellant Samantha Thackston in support. It states in part: "4. If Defendant provided accurate statements regarding the history of water intrusion at the residence, my husband and I would have rescinded our previous agreement to purchase said property under R.C. 5302.30(K)(2)."

{¶11} Attached to Samantha's affidavit is what appears to be an estimate for repairs to the residence secured by Appellee dated before the home was sold to Appellants. This document seems to be an internal document from a waterproofing company. It states in part that the owner "reported water in basement on heavy rains." It lists Appellee's name and address as the owner. While the document appears to be signed, it is not notarized or authenticated. There is no corresponding affidavit or testimony by an individual with personal knowledge attesting to its contents or creation. (November 8, 2021, Response, Exhibit A.)

{¶12} The trial court subsequently granted summary judgment in Appellee's favor. The magistrate's decision explained in detail why it did not consider Plaintiff's exhibit A, the estimate purportedly secured by Appellee:

> [T]he document itself appears to have been completed by an inspector and there is little, if any, legible reference to "Callow Basement Waterproof." This Exhibit "A" submitted by Plaintiff * * * appears to be inadmissible hearsay that the Magistrate will not consider * * *.
>
> To the extent that the Exhibit contains statements of the Defendant, himself, the same would be admissible as the admission of a party opponent pursuant to Evid.R. 801(D)(2) which statements are not hearsay. However, neither the affidavit nor the Exhibit to which it refers bears any information, which would authenticate the document as the statement of the Defendant, and * * * the Affidavit of Samantha Thackston is unable to authenticate it as such. A qualified representative of "Callow Basement Waterproof" would

likely be possessed of sufficient personal knowledge to be competent to authenticate this document.

(November 29, 2021 Magistrate's Decision.) After expressly holding it would not consider this exhibit, the magistrate found no genuine issues of material fact existed for trial and Appellee was entitled to judgment as a matter of law. The trial court entered judgment consistent with the magistrate's decision. Civ.R. 53(C)(2).

**{¶13}** Appellants raise one assignment of error on appeal.

<u>Assignment of Error: Summary Judgment</u>

**{¶14}** Appellants' sole assignment of error contends:

"The trial court erred in failing to consider the affidavit and attached documents of the Plaintiffs-Appellants as even if the same were hearsay it went unobjected to and should have been considered."

**{¶15}** Appellants' assignment of error consists of two arguments. First, they contend the trial court erred by not considering the waterproofing estimate attached to Samantha's affidavit because Appellee did not object. Second, Appellants argue because Appellee did not deny having knowledge of a prior water intrusion or failing to disclose his knowledge on the residential property disclosure form, summary judgment was not warranted because genuine issues of fact remain for trial. We agree in part.

**{¶16}** Appellate courts review decisions awarding summary judgment de novo. *Northeast Ohio Apt. Assn. v. Cuyahoga Cty. Bd. of Commrs.*, 121 Ohio App.3d 188, 191, 699 N.E.2d 534 (8th Dist.1997). We review the trial court's decision independently and without deference, pursuant to the standards in Civ.R. 56(C). *Brown v. Scioto Cty. Bd. of Commrs.*, 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (4th Dist.1993).

**{¶17}** Summary judgment is appropriate when (1) no genuine issue as to any material fact exists; (2) the party moving for summary judgment is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion adverse to the nonmoving party. *Holliman v. Allstate Ins. Co.*, 86 Ohio St.3d 414, 415, 715 N.E.2d 532 (1999). The initial burden is on the moving party to set forth specific facts demonstrating that no issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 29-293, 662 N.E.2d 264 (1996). If the movant meets

this burden, the burden shifts to the nonmoving party to establish that a genuine issue of material fact exists for trial. *Id.*

**{¶18}** A "material fact" for summary judgment depends on the type of claim being litigated. *Hoyt, Inc. v. Gordon & Assocs., Inc.*, 104 Ohio App.3d 598, 603, 662 N.E.2d 1088 (8th Dist.1995), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248, 106 S.Ct. 2505 (1986).

**{¶19}** Appellants asserted claims for breach of contract and fraudulent misrepresentation and fraudulent concealment. To assert a successful breach of contract claim, one must prove: "(1) the existence of a contract; (2) performance on the part of appellant; (3) breach by appellees; and (4) damages." *Huffman v. Kazak Brothers,* 11th Dist. Lake No. 2000-L-152 (Apr. 12, 2002), citing *Doner v. Snapp,* 98 Ohio App.3d 597, 600, 649 N.E.2d 42 (1994).

> To establish a cause of action for fraudulent misrepresentation or concealment, a plaintiff must prove: (1) a representation or, when a duty to disclose exists, concealment of a fact, (2) material to the transaction at hand, (3) made falsely, with knowledge of its falsity or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent to mislead another into relying upon it, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately caused by the reliance. *See Burr v. Stark Cty. Bd. of Commrs.,* 23 Ohio St.3d 69, 491 N.E.2d 1101 (1986), paragraph two of the syllabus.

*Hubbard Family Tr. v. TNT Land Holdings, LLC*, 2014-Ohio-772, 9 N.E.3d 411, ¶ 22 (4th Dist.).

**{¶20}** In his summary judgment motion, Appellee argued that even if he made a misstatement on the residential property disclosure form, he is not liable to Appellants because the sale was as is.

> The inclusion of an 'as is' clause relieves the seller of the duty to disclose any defects for an action of fraudulent nondisclosure against the seller and for breach of contract claims. *Tutolo v. Young*, 11th Dist. Lake No. 2010-L-118, 2012-Ohio-121, ¶ 51-52, citing *Massa v. Genco*, 11th Dist. Lake No.

89-L-14-162, 1991 WL 26761, *2 (Mar. 1, 1991). "The doctrine of caveat emptor precludes recovery in an action by the purchaser for a structural defect in real estate where (1) the condition complained of is open to observation or discoverable upon reasonable inspection, (2) the purchaser had the unimpeded opportunity to examine the premises, and (3) there is no fraud on the part of the vendor."

*Layman v. Binns*, 35 Ohio St.3d 176, 519 N.E.2d 642, syllabus (1988), citing *Traverse v. Long*, 165 Ohio St. 249, 135 N.E.2d 256 (1956).

**{¶21}** Thus, as Appellee contends and the trial court found, the parties' inclusion of the as-is clause in the purchase agreement precludes Appellants' recovery for breach of contract. *Id.* Consequently, summary judgment in Appellee's favor was proper for this cause of action. However, to the extent Appellants also asserted certain fraud-based claims, summary judgment is not appropriate via the doctrine of caveat emptor. *Id.; Tutolo* at ¶ 51, citing *Brewer v. Brothers*, 82 Ohio App.3d 148, 151, 611 N.E.2d 492 (12th Dist.1992); *Loya v. Howard Hanna Smyth, Cramer Co.*, 9th Dist. Summit No. 24378, 2009-Ohio-448, ¶ 13.

**{¶22}** Three types of fraud claims may arise from real estate transactions: fraudulent misrepresentation, fraudulent concealment, and fraudulent nondisclosure. *Decaestecker v. Belluardo*, 2d Dist. Montgomery No. 22218, 2008-Ohio-2077, ¶ 37, citing *Kaye v. Buehrle*, 8 Ohio App.3d 381, 457 N.E.2d 373 (1983). Here, Appellants assert claims for fraudulent concealment and fraudulent misrepresentation. These claims are closely related and based on similar facts, but must be separately addressed based on the distinct allegations and summary judgment evidence.

**{¶23}** Appellants' claim for fraudulent concealment contends Appellee took "affirmative steps to conceal evidence of water intrusion at the residence" and that they justifiably relied on the concealment to their detriment.

**{¶24}** In his motion for summary judgment and affidavit, Appellee denies "attempt[ing] to conceal any history of water damage on the premises." (October 4, 2021 Summary Judgment Motion, Zembower Affidavit.) In response, Appellants did not come forward with competing evidence tending to show that Appellee took affirmative steps to

conceal water damage consistent with their fraudulent concealment claim, and as such, summary judgment was proper in Appellee's favor on this cause of action.

**{¶25}** On the other hand, Appellants' fraudulent misrepresentation claim contends they relied on Appellee's statements made on his property disclosure form which indicated he was *not* aware of prior water intrusions or flooding and *not* aware of material problems regarding the foundation. Appellants contend these misstatements or nondisclosures were material to the transaction and they relied on them to their detriment. They claim that had Appellee disclosed prior flooding and his knowledge about the deterioration of the foundation, they would have sought to rescind the purchase agreement. (Samantha Thackston Affidavit.)

**{¶26}** Sellers of residential property are required to complete and deliver to prospective purchasers a property disclosure form disclosing various "material matters relating to the physical condition of the property" and "any material defects in the property that are within the actual knowledge of the transferor." R.C. 5302.30(C) & (D).

**{¶27}** Appellants contend they would have sought to rescind the agreement had Appellee truthfully disclosed the prior flooding and condition of the foundation. As they allege, R.C. 5302.30(K) provides a buyer with a three-day right of rescission after receiving the property disclosure form if it is received after executing the purchase agreement.

> If a seller fails to disclose a material fact on a residential property disclosure form with the intention of misleading the buyer, and the buyer relies on the form, the seller is liable for any resulting injury. *Wallington v. Hageman,* 8th Dist. No. 94763, 2010-Ohio-6181, ¶ 18, citing *Pedone v. Demarchi,* 8th Dist. No. 88667, 2007-Ohio-6809, 2007 WL 4442660, ¶ 31. In other words, the "as is" clause is inapplicable if the property disclosure form contains misrepresentations. *Wilfong v. Petrone,* 9th Dist. No. 26317, 2013-Ohio-2434, 2013 WL 2718452, ¶ 32. When a buyer has had the opportunity to inspect the property, however, "he is charged with knowledge of the conditions that a reasonable inspection would have disclosed." *Wallington; Pedone* at ¶ 33.

Case No. 21 MA 0112

*Hubbard Family Tr. v. TNT Land Holdings, LLC*, 2014-Ohio-772, 9 N.E.3d 411, ¶ 26 (4th Dist.); *Evon v. Walters*, 11th Dist. Geauga No. 2020-G-0266, 2021-Ohio-3475, ¶ 17. *Accord Cadle v. Kehl*, 9th Dist. No. 17CA011205, 2018-Ohio-5266, 127 N.E.3d 477, ¶ 14 ("even under circumstances where there is an 'as is' clause in a real estate contract, a seller may pursue a claim for fraudulent misrepresentation for failure to disclose a known material defect on the residential property disclosure form.")

{¶28} Here, Appellee does *not* deny in his affidavit that he failed to disclose material facts regarding prior water intrusion or flooding at the home and/or knowledge of foundation deterioration (despite the duty to disclose). Conspicuously absent from Appellee's affidavit is a statement that he did *not* know about a history of water damage, prior flooding, or intrusion. Instead, he states he "never knowingly lied on the disclosure form." His affidavit leaves open the issue of whether Appellee had knowledge of prior water intrusion, flooding, and/or foundation deterioration when he executed the property disclosure form. (October 4, 2021 Summary Judgment Motion, Zembower Affidavit.)

{¶29} Further, assuming Appellee had prior knowledge of water intrusion and/or foundation issues at the time he executed the property disclosure form, his affidavit fails to explain why he did not disclose these facts. Although Appellee denies "knowingly [lying] on the disclosure form," this is not the applicable standard. Instead, to succeed on a fraudulent misrepresentation claim, a plaintiff must show the statement was "made falsely, with knowledge of its falsity, *or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred * * *.*" (Emphasis added.) *Davis v. Montenery*, 173 Ohio App.3d 740, 2007-Ohio-6221, 880 N.E.2d 488, ¶ 53 (7th Dist.). "In proving a fraud claim, a person's intent to mislead another into relying on a misrepresentation * * * of a material fact generally must be inferred from the totality of the circumstances since a person's intent is rarely provable by direct evidence." *Fairbanks Mobile Wash, Inc. v. Hubbell*, 12th Dist. Warren No. CA2007-05-062, 2009-Ohio-558, ¶ 22, citing *Leal v. Holtvogt*, 123 Ohio App.3d 51, 76, 702 N.E.2d 1246, (2d Dist.1998).

{¶30} Thus, genuine issues of material fact exist as to whether Appellee had knowledge of the prior water intrusion, flooding, and issues regarding the foundation, and if he did have prior knowledge, whether he was reckless in his nondisclosure. *Id.* Consequently, since Appellee did not come forward with evidence demonstrating that no

issue of material fact exists and he is entitled to judgment as a matter of law, the burden never shifted to Appellants, the nonmoving party, on this claim. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996).

**{¶31}** Thus, we conclude summary judgment was not warranted in Appellee's favor on Appellants' fraudulent misrepresentation claim. *Welco Industries, Inc. v. Applied Cos.*, 67 Ohio St.3d 344, 346, 617 N.E.2d 1129 (1993) ("Courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party.")

**{¶32}** As for the second aspect of Appellants' assignment of error, i.e., the trial court's decision not to consider Plaintiff's exhibit A, the unauthenticated estimate attached to Samantha's affidavit, we find no error.

**{¶33}** Under Civ.R. 56(C), only "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact" are permitted to support a motion for summary judgment. Civ.R. 56(C). "Although Civ.R. 56 does not directly refer to evidentiary exhibits, such evidence may be considered when it is incorporated by reference into a properly framed affidavit pursuant to Civ. R. 56(E)." (Citation omitted.) *Citibank N.A. v. Ogunduyile*, 2d Dist. Montgomery No. 21794, 2007-Ohio-5166, ¶ 10. Civ.R. 56(E) states the requirements for authentication:

> Supporting and opposing affidavits shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit.

**{¶34}** As stated, Appellants contend the trial court should have considered the exhibit in light of the fact that Appellee did not object to its authenticity or admissibility. Samantha's affidavit states in part:

> 5. The Defendant, MICHAEL P. ZEMBOWER, JR., contacted Callow Basement Waterproof and requested an inspection due to water intrusion in the basement during heavy rains. A copy evidencing said request is attached hereto and * * * marked Exhibit "A" for identification purposes.

6. To the best of my knowledge, Exhibit "A" attached hereto is a true and accurate copy of the inspection request made by the Defendant to Callow Basement Waterproof * * *.

**{¶35}** This "inspection request" lists "Mike Zembower" and the address for the residence that Appellants purchased from him. It is dated March 14, 2017. The document states at the bottom that it is an "in house worksheet on inspection done 3/16/2017" and appears to be signed by a company representative. However, the document is not authenticated by someone with personal knowledge of its authenticity and the affidavit to which it is attached does not demonstrate Samantha has personal knowledge of its creation or contents. There is no corresponding testimony by a person verifying its contents or confirming it is what Appellants contend it to be.

**{¶36}** Although a party can waive an objection to evidence that does not comply with the requirements of Civ.R. 56(C), and a court "may" consider it, there is no rule requiring it to do so. That decision resides in the trial court's discretion. *Biskupich v. Westbay Manor Nursing Home*, 33 Ohio App.3d 220, 222, 515 N.E.2d 632 (1986); *Armaly v. City of Wapakoneta*, 3rd Dist. Auglaize No. 2-05-45, 2006-Ohio-3629, ¶ 17; *State ex rel. Gilmour Realty, Inc. v. Mayfield Heights*, 122 Ohio St.3d 260, 910 N.E.2d 455, 2009-Ohio-2871, ¶ 17; *Bank of Am. v. Bobovyik*, 7th Dist. Columbiana No. 13 CO 54, 2014-Ohio-5499, ¶ 27.

**{¶37}** When a trial court decides not to consider nonconforming evidence, appellate courts review its decision for an abuse of discretion; we can find error only if the trial court acted in an unreasonable, unconscionable, or arbitrary manner. *Chamberlin v. The Buick Youngstown Co.*, 7th Dist. Mahoning No. 02-CA-115, 2003-Ohio-3486, ¶ 6-7.

**{¶38}** Because the exhibit attached to Samantha's affidavit is not in a form that may be used to support or oppose a motion for summary judgment and there is nothing showing it is otherwise admissible, we find the trial court did not abuse its discretion by not considering it. *See Powell v. Vorys, Sater, Seymour & Pease*, 131 Ohio App.3d 681, 685, 723 N.E.2d 596 (10th Dist.1998). Thus, this aspect of Appellants' assigned error lacks merit.

## Conclusion

{¶39} Based on the foregoing, the trial court was well within its discretion by not considering the noncompliant summary judgment evidence. Thus, this aspect of Appellants' assigned error lacks merit.

{¶40} As stated, we affirm the trial court's grant of summary judgment in Appellee's favor as to Appellants' breach of contract claim and fraudulent concealment claims since no genuine issue of material fact exists.

{¶41} However, when considering the evidence in the light most favorable to Appellants, we conclude that genuine issues of fact exist regarding their fraudulent misrepresentation cause of action. Upon viewing the evidence most strongly in favor of the Appellants, we cannot conclude that reasonable minds can reach only one conclusion. Thus, this aspect of Appellants' assignment of error has merit. We reverse the trial court's judgment in part and remand to the trial court for further proceedings on Appellants' fraudulent misrepresentation claim.

{¶42} The trial court's decision is affirmed in part, reversed in part, and remanded.

D'Apolito, P. J., concurs.

Hanni, J. concurs.

Case No. 21 MA 0112

———————————————

For the reasons stated in the Opinion rendered herein, it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed in part, and reversed in part. We hereby remand this matter to the trial court for further proceedings on Appellants' fraudulent misrepresentation claim according to law and consistent with this Court's Opinion. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**